WILLIAM H. SAMPSELL v. THE CHICAGO & GRAND TRUNK RAILWAY COMPANY.

*Railroad companies—Killing cattle—Conversion of beef.*

Two cows worth $40 each were killed on a railway track, and a heifer was so badly hurt that the railway company's agents killed her. The heifer was worth $25 for beef, but the company's agents refused to give up the carcass and buried it. The value was not disputed. The owner sued the company in case for negligence and added a special count for the conversion, and recovered $21.22.   *Held* that the recovery must be construed as based on the special count alone and as confined to the value of the heifer as beef.

Error to Kalamazoo.   (Mills, J.)   Oct. 18.—Oct. 24.

CASE and TROVER.   Defendant brings error.   Affirmed.

*F. H. Culver* and *Louis C. Stanley* for appellant.

*Oscar T. Tuthill* for appellee.

GRAVES, C. J.   In September, 1880, two cows and a heif-

er, owned by the plaintiff, were run over by a train on defendant's road at Leesburg crossing in Kalamazoo county. The cows were killed and the heifer so badly injured that defendant's servants soon after killed her. The plaintiff sued the company before a justice in an action on the case and charged it with tortious negligence, and added a count in trover for an alleged unlawful conversion of the animals. The cause was appealed and the plaintiff obtained a verdict in the circuit court for $21.22. The company brought error.

The objections apply to the contention regarding the liability based on alleged negligence. There was no dispute about the value. The cows were proved to be worth $40 each and the heifer $25 for beef. The hide of one of the cows was sold by defendant's servants for $3.75, and the amount was paid to the plaintiff. The heifer was buried by defendant's agents.

The Court is entirely clear that the recovery was simply for her value as beef, and that it was founded exclusively on the count for conversion. It would be well-nigh impossible to construe the record otherwise. The showing on that theory was scarcely open to argument, and the circuit judge presented it explicitly and fairly to the jury. Such were the circumstances that, had they found a repugnant verdict, it would have suggested that they had made a misstep. There is no pretense that either by word or act the defendant's servants manifested a willingness for the plaintiff to interfere. On the contrary, the evidence is positive that they set up a claim that the defendant's rules would not permit intermeddling with animals thus killed or injured at the crossings of its road; and the record leaves no doubt that they gave out, and led the plaintiff to understand, that he would not be allowed to take the heifer away, and that the effect of their statements and conduct was to prevent him.

If the intent was different, the plaintiff ought not to lose, or the defendant gain, by means of the misleading course of its agents. The amount of the verdict is not only consist-

ent with this view, but it tends to corroborate it. The allowance seems to have been for the animal as she was after being hit, and not for the sum which would have been given for damages for her negligent destruction.

This construction of the case renders all the exceptions of any consequence perfectly harmless, and leads to an affirmance.

The judgment is therefore affirmed with costs.

The other Justices concurred.